UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMIN AGUSTIN CUBIAS,            )
                                 )
    Petitioner,                  )   CASE NO.  C07-24-MJP-MJB
                                 )
    v.                           )
                                 )
KAREN BRUNSON,                   )   REPORT AND RECOMMENDATION
                                 )
    Respondent.                  )
_____)

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently incarcerated at the Clallam Bay Corrections Center in Clallam Bay, Washington, pursuant to his 2001 King County Superior Court convictions on three counts of attempted murder in the first degree. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the consecutive sentences imposed by the trial court. Respondent has filed an answer to the petition as well as relevant portions of the state court record. Petitioner has filed a reply to respondent's answer.[1] The briefing is now complete, and this matter is ripe for review. This Court, having reviewed the petition, respondent's answer thereto, and the balance of the record,

---

[1] Petitioner has also filed a motion for an evidentiary hearing. However, no evidentiary hearing is required in order for the Court to resolve the claim presented for review in these proceedings. Accordingly, petitioner's motion for an evidentiary hearing (Dkt. No. 19) is DENIED.

REPORT AND RECOMMENDATION
PAGE - 1

concludes that petitioner's federal habeas petition should be denied and this action should be dismissed with prejudice.

## FACTS

The Washington Supreme Court summarized the relevant facts and procedural history of petitioner's state court criminal proceedings as follows:

> On March 25, 2001, Armin Cubias and two fellow gang members happened upon three rival gang members: John Komotios, William Rosalez-Gomez, and Oscar Cruz. Members of the two gangs engaged in an exchange of verbal insults and "hand signals." Verbatim Report of Proceedings (RP) (Dec. 5, 2001) at 129. During this exchange, Cubias drew his gun and began shooting at Komotios, Rosalez-Gomez, and Cruz. Komotios ran away unharmed, while Cruz was seriously injured when he sustained gunshot wounds to his arm and face. Rosalez-Gomez was shot in the abdomen.
>
> Cubias was charged in King County Superior Court with the attempted first degree murders of Cruz (count I), Rosalez-Gomez (count II), and Komotios (count III). In addition, the State alleged that Cubias was armed with a firearm during the commission of each of the charged offenses. A jury found Cubias guilty of all three charges and returned special verdicts that he was armed with a firearm during each attempted murder. At sentencing, the trial court concluded that, because there were separate victims, Cubias' offenses arose from separate and distinct conduct. It, therefore, sentenced him to serve 180 months in prison on each count together with a 60-month firearm enhancement on each count. It ordered that the sentences run consecutively.
>
> Cubias appealed his conviction to Division One of the Court of Appeals, which affirmed. *State v. Cubias*, noted at 119 Wn. App. 1018 (2003). He sought review here on issues unrelated to the one before us. However, while his petition was pending, the United States Supreme Court handed down its decision in *Blakely*. This prompted Cubias to file a supplemental petition in which he claimed that the sentencing court's imposition of consecutive sentences was unlawful in light of *Blakely*. We granted review only on that issue.

(Dkt. No. 14, Ex. 3 at 2-3.)

On October 6, 2005, the Washington Supreme Court issued an *en banc* decision upholding the sentences imposed by the trial court. (*Id.*, Ex. 3 at 1.) Petitioner moved for reconsideration, but that motion was denied. (*Id.*, Exs. 15 and 16.) On January 4, 2006, the Supreme Court issued its mandate terminating review. (*Id.*, Ex. 17.) Petitioner now seeks federal habeas review of his

REPORT AND RECOMMENDATION
PAGE - 2

sentencing claim.

## GROUND FOR RELIEF

Petitioner asserts in his federal habeas petition that the trial court's imposition of consecutive sentences for three counts of attempted murder violated his Sixth Amendment right to trial by jury under *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Dkt. No. 6, Attachment A at 1.)

## DISCUSSION

Respondent concedes in his answer to the petition that petitioner has properly exhausted his single ground for federal habeas relief. Respondent argues, however, that the claim is without merit.

### Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v.*

REPORT AND RECOMMENDATION
PAGE - 3

*Andrade*, 538 U.S. 63, 69 (2003).

Consecutive Sentences

Petitioner asserts that the trial court's imposition of consecutive sentences was unconstitutional in light of the United States Supreme Court's decisions in *Blakely* and *Apprendi* because the consecutive sentences were based on a fact not found by the jury; *i.e.*, that petitioner's offenses arose from separate and distinct conduct where there were three separate victims.  (*See* Dkt. No. 6.)

In *Apprendi*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  In *Blakely*, the Supreme Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"  *Blakely*, 542 U.S. at 303 (emphasis in original).  The Court went on to explain that "[i]n other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."  *Id*. at 303-4 (emphasis in original).

The Washington Supreme Court rejected petitioner's claim that the trial court's imposition of consecutive sentences was unconstitutional.   The Supreme Court explained its reasoning in relevant part as follows:

> Sentencing courts are required to impose consecutive sentences when a defendant is convicted of two or more "serious violent offenses" that arise from "separate and distinct criminal conduct."[2]  RCW 9.94A.589(1)(b).  Although separate and distinct criminal conduct is not statutorily defined, it is well established that when an offense does not constitute the "same criminal conduct,"[3] the offense is necessarily

---

[2] [Washington Supreme Court footnote 1] Attempted murder in the first degree is a serious violent offense.  RCW 9.94A.030(37)(a)(1), (ix).

[3] [Washington Supreme Court footnote 2] RCW 9.94A.589(1)(a) defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same

REPORT AND RECOMMENDATION
PAGE - 4

separate and distinct. *See State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). We have determined that "[o]ffenses arise from separate and distinct [criminal] conduct when they involve separate victims." *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 821, 100 P.3d 291 (2004) (citing *State v. Wilson*, 125 Wn.2d 212, 220, 883 P.2d 320 (1994); *State v. Vike*, 125 Wn.2d 407, 410, 885 P.2d 824 (1994)); *See also State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).

Relying on decisions of the United States Supreme Court in *Apprendi* and *Blakely*, Cubias contends that a jury, rather than a judge, must determine whether his convictions arose from separate and distinct criminal conduct and that this determination must be based on proof convincing beyond a reasonable doubt. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the court clarified its decision in *Apprendi* and concluded that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 124 S. Ct. at 2537 (citations omitted). It went on to say: "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. *Id*. Significantly, in both *Blakely* and *Apprendi*, the United States Supreme Court was directing its attention to the sentence on a *single* count of a multiple-count charge.

In our view, consecutive sentencing decisions do not trigger the concerns identified in *Apprendi*. We say this because not only were consecutive sentences not at issue in that case, the court deemed them irrelevant for purposes of its holding. *Apprendi*, 530 U.S. at 474. The state of New Jersey had argued there that the sentencing court could have ordered that the defendant's sentence on the count in question, count 18, run consecutive to two other counts, counts 3 and 22, and that if it had done so, it would have resulted in the imposition of an enhanced sentence equivalent to that which the defendant received based on the sentencing court's finding that count 18 was motivated by racial bias. The State posited that the defendant's "actual sentence was thus within the range authorized by statute for the three offenses to which he pleaded guilty." *Id*. (citation omitted). The court rejected this argument, indicating:

> The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. The finding is legally significant because it increased–indeed, it doubled–the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on that count into a minimum sentence. *The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the*

---

time and place, and involve the same victim."

REPORT AND RECOMMENDATION
PAGE - 5

    *remaining 18 counts*.

*Id*. (emphasis added). Simply put, *Apprendi* does not have any application to consecutive sentences; to conclude otherwise would extend *Apprendi*'s holding beyond the narrow grounds upon which it rested.

    We are also satisfied that the *Blakely* decision does not preclude a sentencing court from imposing consecutive sentences in a case such as we have here. While it is true that imposition of consecutive sentences increases a defendant's aggregate term of imprisonment, it is significant that in *Blakely*, like *Apprendi*, the court was not concerned with consecutive sentences. Indeed, the court considered the sentence on an additional count irrelevant. *Blakely*, 124 S. Ct. at 2535 n.2.[4] It seems clear from *Blakely* that so long as the sentence for *any single offense* does not exceed the statutory maximum for that offense, as is the case here, *Blakely* is satisfied. Additionally, we note that consecutive sentences increase a defendant's total sentence because he or she was convicted of multiple serious violent offenses, not because the sentence exceeded the statutory maximum for any single offense. A defendant has no right to serve concurrent sentences for committing multiple serious violent offenses. *See State v. Salamanca*, 69 Wn. App. 817, 827-28, 851 P.2d 1242 (1993); *see also*, David Boerner, Sentencing in Washington §§ 5.8(b), 6.20 (1985). Thus, we are convinced that consecutive sentences do not violate *Blakely*.

(Dkt. No. 14, Ex. 3 at 3-8.)

The Washington Supreme Court also noted in its decision that:

Even if the defendant had correctly asserted that the jury is required to make the factual determination necessary to support consecutive sentencing, the jury did so here. In its verdict, the jury determined that Cubias was guilty of each count charged. Because each count alleged a separate victim, it is merely a legal conclusion from these factual determinations that the criminal conduct charged in each count was separate and distinct criminal conduct.

(*Id*., Ex. 3 at 8 n.4 (citations omitted)).

Petitioner makes no showing that this decision of the Washington Supreme Court was either contrary to, or constituted an unreasonable application of, federal law as determined by the United States Supreme Court. Petitioner cites to no United States Supreme Court precedent holding that consecutive sentences violate the principles announced in *Apprendi* and *Blakely,* and this Court is

---

  [4] [Washington Supreme Court footnote 3] "Petitioner further agreed to an additional charge of second-degree assault involving domestic violence. The 14-month sentence on that count ran concurrently and is *not relevant here*." *Blakely*, 124 S. Ct. at 2535 n.2 (emphasis added (citation omitted).

REPORT AND RECOMMENDATION
PAGE - 6

aware of none. Moreover, it appears from the record before this Court that the jury in petitioner's case did, in fact, make all of the factual determinations necessary to support the sentence imposed by the trial court. Accordingly, petitioner's single ground for federal habeas relief must be denied.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition be denied and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of August, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7